UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM STEPHEN PITTARD,<br><br>           Plaintiff,<br>v.<br><br>PENN CREDIT CORPORATION,<br><br>           Defendants. | Civil Action File No.: |

# COMPLAINT

## JURY DEMAND

1. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"); the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA"); and Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367; 15 U.S.C. §1692k; and 28 U.S.C. § 1367 for pendent state law claims. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, WILLIAM STEPHEN PITTARD, is a natural person, and citizen of the State of Georgia.

4. Defendant, PENN CREDIT CORPORATION, is a Pennsylvania corporation with its registered office located at 916 S. 14th St., Harrisburg, PA 17104.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of an alleged consumer debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an alleged consumer debt that did not belong to Plaintiff and that was not in his name.

10. Defendant called Plaintiff's cellular telephone beginning in approximately October 2010.

11. Defendant sought to collect an alleged consumer debt that did not belong to Plaintiff and that was not in his name.

12. Defendant called Plaintiff's cellular telephone beginning in approximately October 2010.

13. Defendant knew or should have known that it was leaving messages on a cellular telephone number that was not Plaintiff's and did not belong to the party that Defendant was attempting to reach.

14. The telephone calls to Plaintiff's cellular phone were "communications" as defined by 15 U.S.C. §1692a(2).

15. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16. Plaintiff did not consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

17. Defendant's telephone calls to Plaintiff's cellular phone were intentionally made.

## COUNT I

## VIOLATION OF FDCPA: FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone calls to Plaintiff that it is a debt collector in violation of 15 U.S.C. §1692e(11).

WHEREFORE, pursuant to the FDCPA, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. statutory damages;

   b. sttorney's fees, litigation expenses and costs of suit; and

   c. such other or further relief as the Court deems proper.

## COUNT II

## VIOLATION OF FDCPA: TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

22. Defendant's conduct caused Plaintiff emotional distress including but not limited to annoyance, anger, tension, distraction, and anxiety.

WHEREFORE, pursuant to the FDCPA, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. statutory and actual damages;

   b. attorney's fees, litigation expenses and costs of suit; and

   c. such other or further relief as the Court deems proper.

## COUNT III

### VIOLATION OF FDCPA: TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

25. Defendant's conduct caused Plaintiffs emotional distress including but not limited to annoyance, anger, tension, distraction, and anxiety.

WHEREFORE, pursuant to the FDCPA, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. statutory and actual damages;

   b. attorney's fees, litigation expenses and costs of suit; and

c. such other or further relief as the Court deems proper.

## COUNT IV

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates Paragraphs 1 through 24.

27. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

28. Defendant began placing said telephone non-emergency telephone calls to Plaintiff's cellular telephone in approximately October 2010.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

30. Defendant willfully or knowingly violated the TCPA.

WHEREFORE, pursuant to the TCPA, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. damages;

b. a declaration that Defendant's telephone calls to Plaintiff violated the TCPA;

c. such other or further relief as the Court deems proper.

## COUNT V

## VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

31. Plaintiff incorporates Paragraphs 1 through 30.

32. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

33. A violation of the FDCPA also constitutes a violation of the FBPA. <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 288 Ga.App. 457, 654 S.E.2d 428 (2007); <u>Gilmore v. Account Management, Inc</u>., 357 Fed.Appx. 218 (11th Cir. 2009).

34. Defendant's acts violated the FDCPA.

35. Defendant's acts violated the FBPA.

36. Defendant's acts in violation of the FDCPA and FBPA were intentional.

37. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages.

38. Pursuant to the FBPA, Plaintiffs are entitled to an award of reasonable attorney's fees and expenses of litigation.

WHEREFORE, pursuant to the FBPA, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. treble and exemplary damages;

b. reasonable attorney's fees and expenses of litigation;

c. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Dated: May 4, 2011               **THE KOVAL FIRM, LLC**

By: s/Steven H. Koval
Attorney for Plaintiff
Georgia Bar No: 428905
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail: SHKoval@aol.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 4th day of May, 2011.

<u>s/Steven H. Koval</u>
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail: SHKoval@aol.com